JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 24-4129 PA <br> CR 23-408 PA | Date | May 22, 2024 |
|---|---|---|---|
| Title | Adedayo Hakeem Sanusi v. United States of America | | |

| Present: The Honorable | PERCY ANDERSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** IN CHAMBERS - ORDER

The Court is in receipt of petitioner Adedayo Hakeem Sanusi's ("Petitioner") "Writ of Habeas Corpus Based on Lack of Jurisdiction and Manipulation," which the Court construes as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion"), filed on May 16, 2024. Petitioner, who was charged in an information, signed a plea agreement, and entered a guilty plea during a Rule 11 plea colloquy, alleges in his 2255 Motion that the Court lacks jurisdiction because no valid indictment was presented, was manipulated by the prosecution and defense counsel, and is being unlawfully held in violation of his constitutional rights. In his criminal case, Petitioner entered a guilty plea pursuant to a Plea Agreement on September 19, 2023. The Court conducted a sentencing hearing on December 11, 2023, and issued a Judgment and Commitment Order on December 12, 2023. Petitioner filed a Notice of Appeal on December 26, 2023. Petitioner's direct appeal remains pending at the Ninth Circuit (9th Circuit Case No. 22-4430).

The Ninth Circuit has held that "[e]xcept under most unusual circumstances ... no defendant in a federal criminal prosecution is entitled to have a direct appeal and a section 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence." Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (quoting Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970)). There are no unusual circumstances present in this case that would trigger an exception to the usual practice that "Federal prisoners must exhaust their federal appellate review prior to filing a habeas corpus petition in the district court." Feldman v. Henman, 815 F.2d 1318, 1321 (9th Cir. 1987); see also United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) ("[W]e hold that a district court's delay in considering a section 2255 motion until direct appeals are resolved does not make the section 2255 motion inadequate or ineffective and therefore does not entitle the defendant prematurely to pursue a section 2241 habeas petition."). "[U]ntil direct appellate review is exhausted the district court may not entertain a motion for habeas relief." United States v. LaFromboise, 427 F.3d 680, 686 (9th Cir. 2005).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-4129 PA<br>CR 23-408 PA | Date | May 22, 2024 |
|---|---|---|---|
| Title | Adedayo Hakeem Sanusi v. United States of America | | |

    Because Petitioner has not exhausted his direct appellate review, this Court cannot entertain Petitioner's 2255 Motion. Because Petitioner's filing of the 2255 Motions was premature, the Court dismisses the 2255 Motion without prejudice to his refiling of the Motion once his direct appeal is exhausted. See id. at 686 n.9 ("[T]he district court should refrain from hearing [defendant's] 2255 motion until after he exhausts his direct appellate review . . . ."

    IT IS SO ORDERED.